## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| C. MORROW, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 4:21-cv-00721** |
| | ) | |
| GUITAR CENTER STORES, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1446

Pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant Guitar Center Stores, Inc. ("Guitar Center") hereby removes to this Court the case styled *C. Morrow v. Guitar Center Stores, Inc.*, Case No. 21CY-CV07101 from the Circuit Court of Clay County, Missouri. As set forth below, the Court has jurisdiction and Guitar Center has satisfied the procedural requirements for removal.

## I.      BACKGROUND.

1.      On August 17, 2021, Plaintiff C. Morrow ("**Plaintiff**") filed his Petition in the Circuit Court of Clay County, Missouri ("**Petition**"). Guitar Center accepted service of the Petition on September 8, 2021. A copy of the Petition accepted by Guitar Center is attached hereto as **Exhibit A**.

2.      Plaintiff's Petition asserts causes of action against Guitar Center for alleged disability discrimination in violation of the Missouri Human Rights Act ("**MHRA**") (Count I); and alleged retaliation in violation of the MHRA (Count II).

3.      Plaintiff seeks, among others, compensatory damages, punitive damages, and attorneys' fees and costs in the Petition. (*See* Petition, Exhibit A, ¶ 68). Plaintiff's Petition does not identify the amount of damages he seeks to recover. (*Id.*)

## II. THE COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION).

4.      Pursuant to 28 U.S.C. 1332, the "district courts shall have original jurisdiction of all civil actions where" two elements are satisfied:  (A) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs;" and (B) the action "is between [] citizens of different states."  Here, both of these elements are met.

### A.      The Amount in Controversy Exceeds $75,000.

5.      Although Plaintiff's Petition does not allege a specific amount of damages, the amount in controversy here exceeds $75,000, exclusive of interest and costs.

6.      In determining whether the jurisdictional amount in controversy has been met, the question is <u>not</u> whether the damages are, in fact, greater than $75,000, but "whether a fact finder might legally conclude that" the damages are greater than $75,000.  *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2003).  *See also Jarrett v. Henkel Corp.*, No.4:15-cv-0832-DGK, 2016 WL 407301, at *1 (W.D. Mo. Feb. 2, 2016) (holding that the relevant question is whether Plaintiff's claims "*could*" or "*might*" "legally satisfy the amount in controversy requirement" (emphasis added)).

7.      Here, Plaintiff seeks, for both counts set forth in his Petition, compensatory damages, punitive damages, attorneys' fees, and costs.

8.      Under the MHRA, a *successful* claimant is entitled to recover an award of actual damages, punitive damages (if warranted), and reasonable costs and attorneys' fees.  *See* Mo. Rev. Stat. § 213.111.2.

9.      When calculating the amount in controversy, compensatory damages, punitive damages, and attorney's fees are all to be included. *White v. United Parcel Service*, No. 4:11CV00707, 2012 WL 760936, at *2 (E.D. Mo. Mar. 8, 2012) (citing *Allison v. Security*

*Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992)); *see also Zunamon v. Brown*, 418 F.2d 883, 886 n.5 (8th Cir. 1969).

10.     Guitar Center denies that Plaintiff is entitled to any recovery at all, but the availability of punitive damages alone satisfies the jurisdictional threshold.  Federal courts have recognized that where, as here, "punitive damages are recoverable as a matter of state law, then subject matter jurisdiction is met unless it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount."  *Feller v. Hartford Life and Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1102 (S.D. Iowa 2010) (citing *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996)).  In fact, the Fifth Circuit has ruled that the "mere availability" of punitive damages satisfies the $75,000 amount in controversy requirement.  *Dow Agroscis., L.L.C. v. Bates*, 332 F.3d 323, 326 n.5 (5th Cir. 2003).

11.     Likewise, while Guitar Center denies that Plaintiff is entitled to attorneys' fees, the availability of attorneys' fees, standing alone, also satisfies the jurisdictional threshold.  If this matter were to proceed to trial and Plaintiff were to prevail, Plaintiff's recovery of attorneys' fees alone would undoubtedly exceed $75,000.

12.     Even if attorneys' fees were not in play (they are), the MHRA makes clear that, in addition to economic damages, the factfinder here could legally award damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, [] other nonpecuniary losses, and punitive damages," which, in the aggregate with any economic damages, can amount to as much as "five hundred thousand dollars" (again, Guitar Center disputes that Plaintiff is entitled to any recovery at all).  Mo. Rev. Stat. § 213.111.4.  In that sense, the law makes clear that it is legally possible that the factfinder could award more than $75,000.

13.     In addition, though Guitar Center denies that Plaintiff is entitled to any recovery at all, Guitar Center notes that verdicts in MHRA cases routinely exceed $75,000, as shown by the 31 verdicts attached as **Exhibit B**, all of which are within approximately the last five years, and which range from $200,000 up to $1 million.

14.     Given the potential for back pay, punitive damages, attorneys' fees, and the limits set forth in the MHRA, the factfinder could legally award more than $75,000, and the amount in controversy requirement is met.

**B.     This Action Is Between Citizens of Different States, and There is Complete Diversity.**

15.     Plaintiff is an individual.  For purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled.  *Curry v. Maxson*, 318 F. Supp. 842, 844 (W.D. Mo. 1970) (citizenship and domicile are synonymous in this context).

16.     As alleged in the Petition, Plaintiff was at the time of filing (and upon information and belief still is) domiciled in Oak Grove, Missouri and is, therefore, a citizen of the State of Missouri for diversity-jurisdiction purposes. (*See* Ex. A.)

17.     Guitar Center is a Delaware corporation, with its principal place of business in Westlake Village, California.

18.     For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Moore's Federal Practice* 3D §102.50.

19.     Accordingly, Plaintiff is a Missouri citizen and Guitar Center is a Delaware citizen and a California citizen, and complete diversity of citizenship exists among the parties to this action for purposes of 28 U.S.C. § 1332.

III.    **GUITAR CENTER HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446.**

20.    This Notice of Removal is timely in that it is filed within 30 days from the date Defendant received a copy of the Summons and Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons").

21.    In accordance with 28 U.S.C. 1446(a), a copy of all process, pleadings, and orders served upon Guitar Center in the Circuit Court of Clay County is attached as Exhibit A.

22.    Guitar Center will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of Clay County and serve a copy on counsel for Plaintiff.

IV.    **CONCLUSION.**

23.    For the foregoing reasons, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), and the procedural requirements of 28 U.S.C. § 1446 are satisfied.

24.    Thus, Guitar Center asks that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with federal law.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: s/ *James D. Lawrence*
    James D. Lawrence (MO # 53411)
    Sarah R. Holdmeyer (MO # 69140)
    1200 Main Street, Suite 3800
    Kansas City, MO 64105
    (816) 374-3200 telephone
    (816) 374-3300 facsimile
    jdlawrence@bclplaw.com
    sarah.holdmeyer@bclplaw.com

ATTORNEYS FOR DEFENDANT GUITAR
CENTER STORES, INC.

## CERTIFICATE OF SERVICE

I certify that on October 4, 2021, a true and correct copy of the foregoing was served via email to:

Kevin Baldwin
Eric Vernon
Sylvia Hernandez
Robin Koogler
BALDWIN & VERNON
108 Pleasant Street
Independence, MO 64050
kevin@bvalaw.net
eric@bvalaw.net
sylvia@bvalaw.net
robin@bvalaw.net

ATTORNEYS FOR PLAINTIFF

    s/ *James D. Lawrence*
    Attorney for Defendant